# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| THOMAS VON RYBURN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 09-cv-1176 |
| | ) | |
| ANTHONY RAMOS, et al., | ) | |
| | ) | |
| Respondent. | ) | |

## O P I N I O N  &  O R D E R

Before the Court are two recent filings by Petitioner relating to his habeas corpus Petition under § 2254: his "Special Traverse Response Pro Se Extension of Time (State Impediment), Protection While on Court Deadlines" (Doc. 25), and his request for sanctions against Respondents (Doc. 26). For the reasons stated below, no sanctions will be imposed, and Petitioner will be allowed a thirty-day extension of time in which to file his Response to Respondents' Motion to Dismiss.

In his "Special Traverse," Petitioner makes several requests: (1) sanctions against Respondents' counsel for obstructing a court deadline, (2) sanctions against Respondents' counsel for violation of Local Rule 6.1, (3) an order to Respondents to bring Petitioner's "legal boxes" to him, (4) an order for Respondents to pay for Petitioner's copies of "additional supporting evidence," (5) a thirty-day extension of time for Petitioner to respond to Respondents' pending Motion to Dismiss, (6) "protection" for Petitioner while he is under a court deadline, (7) dismissal of Respondents' Motion to Dismiss as a sanction, and (8) an "order to proceed to court-

hearings for trial with help in obtaining" his medical records.[1]  In support of these requests, Plaintiff argues his right of access to the courts is being infringed by prison officials' alleged refusal to let him access his legal materials and their alleged obstruction of his ability to respond to the Court's orders by making up false disciplinary charges against him.  In addition, he argues that institutional lockdowns have impaired his ability to prepare his suit.  The balance of Petitioner's "Special Traverse" argues for the merits of his Petition, and against the merits of Respondents' pending Motion to Dismiss, and will thus be considered when the Court addresses that Motion after it is fully briefed.[2]

In his request for additional sanctions (Doc. 26), Petitioner notes that the Stateville Correctional Center went on a level-one lockdown on January 11, 2010, and repeats his statements that he has not been allowed access to the law library or his legal materials.  In addition, he has attached what appears to be an earlier draft of his "Special Traverse," which he states was incorrectly copied by the law library clerk, resulting in some parts of the pages being cut off - he states that he is "ADA and should not have to put up with this."  Finally, a counselor made photocopying

---

[1]  This final request will not be granted at this time, as the Court must determine whether Respondents' Motion to Dismiss has merit before determining whether an evidentiary hearing and discovery are necessary.

[2]  Respondents' Motion to Dismiss (Doc. 24) argues that the Petition must be dismissed, as it is time-barred under § 2244(d).  In his "Special Traverse," Petitioner argues alternately that the time for filing must be tolled because he is disabled, or because the state has created impediments to his filing his Petition.  In addition, he argues that an evidentiary hearing is required to address the merits of his Petition, and that new case law cited in his "Supplement of Authority for Fitness Issues" (Doc. 13) supports the merits of his Petition.  None of these are relevant to the immediate issue of whether to grant Petitioner's requests for sanctions, "protection" from prison officials, and an extension of time to respond to the Motion to Dismiss.

available to Petitioner after he had begun making hand-written copies in response to the earlier copier problems; the instant filings were copied by hand, but it appears that photocopying will be available in the future. Petitioner requests the "strictest" sanctions against Respondents because of these problems.

The Court has considered Petitioner's requests relating to sanctions, "protection" from prison officials, and an extension of time to respond to Respondents' Motion to Dismiss, as well as the relevant exhibits submitted by Petitioner. Petitioner has presented no grounds for sanctions against Respondents or Respondents' counsel. First, he argues that sanctions are warranted "for obstruction of a deadline Court order." Petitioner's allegations that prison officials have not properly allowed him access to his legal materials[3] and have imposed lockdowns at the prison, while potentially showing the difficulties that Petitioner has had in preparing his Response, do not warrant sanctions against Respondents or Respondents' counsel. Petitioner's difficulties are addressed by the Court's grant of his request for extension of time and by the Court's direction to Petitioner's custodians to allow him reasonable access to legal materials.[4]

---

[3] Petitioner further appears to allege in his request for "Additional Sanctions" that photocopying problems at the prison warrant the imposition of sanctions, as he is disabled and "should not have to put up with" handwriting his copies. As Petitioner notes that a counselor has since made photocopying available to him, this point is now moot. In addition, photocopying problems do not represent attorney misconduct of any sort that justify the imposition of sanctions.

[4] Petitioner also requests that Respondent be ordered to pay for Petitioner's copies of "additional supporting evidence." There is no basis for this request; like other litigants, prison inmates must pay their own costs.

Second, he alleges that sanctions should be imposed because Respondents' counsel violated Local Rule 6.1, relating to requests for extensions of time. It is the case that Local Rule 6.1 directs parties seeking an extension of time to state whether opposing counsel has objection to the extension of time, and that Respondents' attorney failed to comply with this rule in her requests for extensions of time. (Docs. 19 & 22). However, in granting these Motions, the Court implicitly excused counsel's omission. Moreover, courts have wide discretion in the enforcement of their local rules, especially as related to scheduling matters. The Court here does not find the technical violation of this local rule to be a sanctionable offense.

A particular sanction Petitioner requests is the dismissal of Respondents' Motion to Dismiss, or a thirty-day extension of time to file his Response to the Motion. As the Court does not find that any sanctions are warranted, the request for dismissal of the Motion to Dismiss is denied. However, as will be discussed below, in light of the problems Petitioner claims to have encountered in preparing his Response, an extension of time to respond will be granted.

Further, there is no indication that Petitioner requires "protection" from prison officials' alleged filing of false disciplinary reports against him. All that Petitioner has shown is that some disciplinary reports have been filed against him in the past.[5] He has not shown that they were false. In addition, Petitioner is

---

[5] The exhibits that Petitioner submitted relating to these disciplinary reports show that they were filed well before the instant Petition was filed. There is no indication that any disciplinary action has been taken against Petitioner while Respondents' Motion to Dismiss has been pending, so these reports are not relevant

4

already protected against improper disciplinary actions, as are all inmates, and the Court will not order prison officials to exempt Petitioner from prison rules and discipline.

Finally, Petitioner is granted the thirty-day extension of time he seeks to respond to Respondents' Motion to Dismiss. In addition, Petitioner's custodian is directed to allow him reasonable access to legal materials. Petitioner shall direct his Response to the substance of Respondents' Motion to Dismiss, particularly whether his § 2254 Petition is timely, in light of Respondents' arguments.

IT IS THEREFORE ORDERED:

1. Petitioner is GRANTED thirty days from the date of this Order & Opinion to file his Response to Respondents' Motion to Dismiss.

2. Petitioner's custodians are DIRECTED to allow Petitioner reasonable access to legal materials.

3. The Clerk is DIRECTED to send a copy of this Order to the Warden of the Pontiac Correctional Center.

4. The Clerk is DIRECTED to send to Petitioner a copy of the docket sheet in this matter, as he has requested it.

5. The Clerk is DIRECTED to place Doc. 25 under seal, as it contains private identifying information about Petitioner.

---

to Petitioner's apparent argument that these disciplinary reports are part of a scheme to keep him from timely responding to Respondents' Motion to Dismiss.

Entered this 25th day of January, 2010.

s/ Joe B. McDade  
JOE BILLY McDADE  
United States District Judge