E-FILED
Wednesday, 23 June, 2010  02:59:19 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| THOMAS VON RYBURN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.   09-cv-1176 |
| | ) | |
| ANTHONY RAMOS, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |

## O P I N I O N   &   O R D E R

This matter is before the Court on Respondent's Motion to Dismiss as untimely Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 24). Petitioner has filed his response to the Motion, as well as supplemental materials, and the Motion is now ready for disposition. For the reasons stated below, the Motion to Dismiss is granted.

### BACKGROUND[1]

Pursuant to a negotiated plea agreement, Petitioner pled guilty to and was convicted in the Circuit Court of McLean County, Illinois of three counts of aggravated criminal sexual assault on October 12, 1999. On November 29, 1999, Petitioner was sentenced to twenty years' imprisonment on each count, with each

---

[1]    The factual background here is drawn primarily from the background section of Respondent's Motion to Dismiss, as well as Petitioner's § 2254 Petition, as Petitioner does not appear to differ with Respondent's recitation of the pertinent facts and dates. In support of the background section, Respondent filed a number of Exhibits, which are all records from Petitioner's previous court proceedings. Courts may judicially notice documents contained in the public record, including those in the records of previous court proceedings. *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994).

sentence to be served consecutively; a victims' assistance fine was also assessed by the circuit court clerk.  Following the sentencing, Petitioner moved to withdraw his guilty plea, which was denied after a hearing in February 2000.

Petitioner appealed his conviction, arguing that the mandatory consecutive sentencing provision under which he was sentenced was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that the trial court erred in finding him fit to stand trial, and that the victims' assistance fine was improper because it was not imposed by court order.  The appellate court affirmed Petitioner's convictions, vacated the clerk's assessment of the fine, and remanded to the trial court for imposition of the fine.  Petitioner's August 16, 2001 petition for leave to appeal ("PLA") was denied by the Illinois Supreme Court on December 5, 2001. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

Petitioner filed a postconviction petition in the McLean County circuit court on June 6, 2002, claiming that his rights to speedy trial, and effective assistance of trial and appeallate counsel were denied.[2]  On June 26, 2002, the postconviction petition was denied.  Petitioner appealed this denial, and was appointed an attorney to represent him on appeal; his appointed counsel filed a motion to

---

[2]     Except where otherwise noted, the Court assumes for the purposes of this Motion, as does Respondent, that Petitioner's court submissions were filed on the date his proofs of service state they were mailed.  *See* Rule 3(d) of the Rules Governing Section 2254 Cases in the District Courts (an inmate's filing "is timely if deposited in the institution's internal mailing system on or before the last day for filing….Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement."); *People v. Saunders*, 633 N.E.2d 1340, 1341-43 (Ill. App. 1994) (Illinois mailbox rule extended to *pro se* petitions under Illinois Post-Conviction Hearing Act).

withdraw, as he had concluded that the postconviction petition raised "no issue of merit." (Doc. 24, Ex. G at 3). After Petitioner's response and a hearing, the appellate court allowed Petitioner's appointed appellate counsel to withdraw, and affirmed the trial court on July 29, 2003. Petitioner did not file a PLA from this decision.

During the pendency of Petitioner's postconviction petition, on March 3, 2003, Petitioner filed a Petition for New Trial in the McLean County circuit court; he argued that he should not have to serve eighty-five percent of his prison sentence because the sentence was based on tainted or perjured testimony in a separate case. The circuit court dismissed the new trial petition, as it did not have jurisdiction to consider it, on March 26, 2003. On April 3, 2003, Petitioner filed a petition for rehearing, which the trial court denied on April 15, 2003. The state appellate court dismissed his appeal on December 1, 2003. Petitioner did not file a PLA from this dismissal.

On July 28, 2004,[3] Petitioner filed a petition for relief from judgment in the circuit court for McLean County, alleging that his sentence was invalid under *Apprendi* and *Blakely v. Washington*, 542 U.S. 296 (2004), and that his trial counsel was ineffective. The trial court dismissed the petition as frivolous and without merit on August 24, 2004, which was affirmed by the appellate court on November 4, 2005. The Illinois Supreme Court denied Petitioner's PLA, but ordered the

---

[3]    This date represents an exception to the Court's application of the "mailbox rule" to the dates of Petitioner's filings, as Illinois does not extend the rule to *pro se* filings under 735 ILCS 5/2-1401. *Wilkins v. Dellenback*, 500 N.E.2d 692, 695-96 (Ill. App. 1986).

appellate court to reconsider its judgment in light of *People v. Vincent*, 871 N.E.2d 17 (Ill. 2007).  The appellate court affirmed the trial court upon reconsideration, and the Illinois Supreme Court denied Petitioner's PLA on May 29, 2008.

While his petition for relief from judgment was pending, Petitioner filed a state habeas corpus petition in the McLean County Circuit Court on October 11, 2005.  The trial court denied this petition, which argued that the indictments against Petitioner were void, on October 26, 2005.  The state appellate court dismissed Petitioner's appeal on April 18, 2006.  Petitioner did not file a PLA.

Petitioner submitted a letter in the McLean County circuit court on June 15, 2008, requesting permission to file a second state habeas petition, which would assert that the terms of his plea agreement were violated, that there was a factual discrepancy between the victim's testimony and the state's factual basis for his plea, that the sentencing judge did not comply with Illinois Supreme Court Rule 604(d), and that Petitioner was denied access to the courts.  The trial court denied the request, finding that Petitioner had failed to state a claim upon which relief could be granted.  Petitioner appealed.  During the briefing of this appeal, the appellate court denied Petitioner's motion for an extension of time to file his reply brief.  Petitioner filed a motion for supervisory order in the Illinois Supreme Court on January 9, 2009, arguing that the state appellate court erred in denying his motion for extension of time.  On February 10, 2009, the appellate court affirmed the trial court's denial of habeas relief, and, on March 20, 2009, the supreme court denied

the motion for supervisory order.  Petitioner did not file a PLA from the appellate court's affirmance.

On May 14, 2009, Petitioner filed his § 2254 Petition, alleging (1) that the terms of his plea agreement have been violated, as "the agreement was for a 60 year cap an no fines, the court issued [*illegible*] fines and added a 3 year MSR [mandatory supervised release] to the 60 year cap, plus court costs and fees which the written-agreement prohibits, the court never admonished me about mandatory fines, MSR, fees or court costs;" (2) that his trial and appellate counsel were ineffective for stipulating to the state's report of Petitioner's fitness for trial, for failing to inform him about the fines and costs imposed, for failing to present medical evidence of unfitness, for lying in the motion to withdraw his plea, for an inaccurate certification that counsel had consulted with Petitioner about his appeal in the post-conviction proceeding, and for failing to argue certain issues on appeal; (3) that his sentence exceeded his life expectancy in violation of Illinois law; (4) that he was unfit to plead guilty or to be sentenced due to medications; and (5) perjury by a witness for the State.[4]  (Doc. 1).

On August 12, 2009, after performing the review required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court could not determine that Petitioner's claims had no possibility of merit, and so ordered Respondent to file its answer or other response to the Petition.   On

---

[4]     Respondent concedes that Petitioner has exhausted his state court remedies. (Doc. 24 at 8).

December 11, 2009, Respondent filed the instant Motion to Dismiss the Petition as untimely under 28 U.S.C. § 2244(d).

### DISCUSSION

Under 28 U.S.C. § 2244(d)(1), a one-year statute of limitations applies to the filing of a habeas corpus petition by a person in custody pursuant to the judgment of a State court. This limitations period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In addition, there are three other possible start dates for this limitations period:

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(B)-(D). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" against the one-year limitations period. 28 U.S.C. § 2244(d)(2).

In his § 2254 Petition, Petitioner asserted that his petition is timely, though his conviction became final more than one year prior to the filing of the Petition, because he "was exhausting state remedies; and is legally disab[led]…Petitioner is under a void judgment." (Doc. 1 at 15). In his Responses to the Motion to Dismiss,

Petitioner makes several claims that appear to be directed to Respondent's timeliness argument: he has not been to the prison law library in over a year (Doc. 25 at 1, 3); he is disabled (Doc. 25 at 1-2); his case qualifies under § 2244(d)(1)(C) because of a recent retroactive case (Doc. 25 at 3-4 (*citing* Doc. 13)); § 2244(d) is unconstitutional (Doc. 25 at 3); the attorney on his Illinois petition for relief from judgment told him that the limitations period began on May 29, 2008 (Doc. 25 at 4); certain Illinois statutes limit the application of § 2244(d) in this case (Doc. 25 at 4); he is "actually innocent" such that a "fundamental miscarriage of justice" will result if his petition is time-barred (Docs. 28 & 29); and he attempted to file a federal habeas corpus petition in 2003, but the court erred and did not file it properly (Doc. 30 at 1). None of these appears to argue for the application of § 2244(d)(1)(D). Having grouped them into legally-relevant categories, the Court considers each of these arguments below.

## I.    Application of § 2244(d)(1)(A)

As ntoed above, under § 2244(d)(1)(A) and § 2244(d)(2), the one-year period for filing a § 2254 petition begins on the "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," and the running of this time period is tolled while a "properly filed" request for state review is pending. Petitioner does not appear to challenge Respondent's calculations, or his assertion that the Petition is untimely under § 2244(d)(1)(A).

Petitioner's judgment of conviction became final on March 5, 2002, which is ninety days, the time for seeking a writ of certiorari from the United States

Supreme Court, after the Illinois Supreme Court denied his PLA. *Anderson v.*

*Litscher*, 281 F.3d 672, 674 (7th Cir. 2002) ("ninety day period during which a

petition for certiorari may be filed by a state prisoner falls within the meaning of

section 2244(d)(1)(A) for purposes of calculating when the statute of limitations

begins to run"). Petitioner filed a postconviction petition 93 days later, on June 6,

2002, the denial of which became final on August 20, 2003.[5] The clock began

running again, and 343 days later, Petitioner filed a § 2-1401 petition for relief from

---

[5]     This judgment became final when the period for applying for a PLA
concluded. As Respondent notes, the question of whether the time for seeking state
supreme court review is tolled under § 2244(d)(2) even if no PLA is filed was left
open by the Seventh Circuit in *Fernandez v. Sternes*, 227 F.3d 977, 980 (7th Cir.
2000), and does not appear to have been decided yet. *See also Williams v. Buss*, 538
F.3d 683, 685 (7th Cir. 2008) (noting reservation of issue).   Respondent and the
Court therefore assume, giving Petitioner the benefit of the doubt, that the time for
filing a PLA does toll the limitations period. Prior to 2006, a PLA or an affidavit of
intent to file a PLA had to be filed within 21 days of the judgment. If an affidavit of
intent was filed, the time for filing a PLA was extended to 35 days. As Petitioner
filed neither a PLA nor an affidavit of intent, the judgment became final after 21
days.
       Petitioner asserts that he attempted to file a late PLA from this judgment,
citing to a March 5, 2004 letter from the clerk of the Illinois Supreme Court, but
that he was somehow prevented from following through by a court deadline in a
Will County case and by a "retaliatory transfer." (Doc. 30 at 3 (citing Doc. 30 at
31)). As this was not a "properly filed" application, it does not count for purposes of
§ 2244(d)(2). *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) ("properly filed" application
must be timely according to state's rules). Moreover, as this failed attempt to file a
PLA had no effect on Petitioner's ability to file a timely § 2254 Petition, it is not
relevant to either statutory or equitable tolling.
       Petitioner filed a petition for a new trial on March 3, 2003, which the trial
court denied on March 25, 2003; the trial court denied his motion for rehearing, as
well, on April 15, 2003. However, this petition does not operate to toll the statute of
limitations because it was not a "properly filed" application for postconviction relief.
It was not properly filed under *Artuz*, because the trial court lacked jurisdiction to
consider it. (Doc. 24, Exs. K & M). *Artuz*, 531 U.S. at 9 ("If, for example, an
application is erroneously accepted by the clerk of a court lacking jurisdiction...it
will be pending, but not properly filed"); *People v. Ryburn*, 884 N.E.2d 1178, 1181
(Ill.App. 2008) (trial court dismissed March 2003 petition for new trial because it
lacked jurisdiction).

judgment on July 28, 2004.  The § 2-1401 petition was denied, and the Illinois Supreme Court denied Petitioner's PLA on May 29, 2008.  On June 15, 2008, 16 days after the clock started running again, Petitioner requested leave to file a second state habeas petition.[6]  The trial court denied petitioner's request, which was affirmed on February 10, 2009; this judgment became final on March 17, 2009, when the 35-day period for filing a PLA expired.  Fifty-seven days later, on May 14, 2009, Petitioner filed the instant § 2254 Petition.   The Petition should thus have been filed by May 18, 2004, the last date on which he could have timely filed his § 2254 Petition, counting from the date his conviction became final, and tolling the time during which properly filed applications for post-conviction relief were pending.  Five hundred and nine days of untolled time elapsed between the date that Petitioner's conviction became final and the filing of the instant § 2254 Petition, and it is thus untimely under § 2244(d)(1)(A).

## II.     Application of § 2244(d)(1)(B)

Petitioner argues that § 2244(d)(1)(B)'s start date should be applied in his case, as the state of Illinois has unconstitutionally created impediments that have prevented his timely filing.  (Doc. 25 at 3).  Petitioner's primary claim of state-created impediments appears to be that he has had inadequate access to his prisons'

---

[6]     On January 9, 2009, Petitioner filed a motion for supervisory order, challenging the state appellate court's denial of his motion for extension of time to file his reply brief on appeal of the denial of his request to file a second habeas petition; this was denied by the Illinois Supreme Court on March 20, 2009.  As his motion clearly challenged only the denial of the motion for extension of time, not the appellate court's decision on the merits (which had not yet been rendered), it is not an application "with respect to the pertinent judgment or claim" that would toll the running of the statute of limitations under § 2244(d)(2).

law libraries during the pertinent time because of prison lockdowns, as well as his being placed in segregation.[7]  In addition, he asserts that the state interfered with his ability to file his petition by moving him between prisons, which resulted in his being separated from his legal materials for several days.  Petitioner's court filings since his conviction, both those listed in this Opinion and others, belie any claim that the state's alleged impediments actually "prevented" his filing of a timely § 2254 Petition by May 18, 2004.[8]  As Petitioner was not "prevented from filing" by these allegedly unconstitutional state actions, § 2244(d)(1)(B) does not apply to render his claim timely.[9]  *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (petitioner

---

[7]    The Court notes that these state actions do not automatically trigger § 2244(d)(1)(B), as they are presumed to be constitutional. *Lewis v. Casey*, 518 U.S. 343, 362 (1996) ("so long as [delays in receiving legal assistance or access to law library] are the product of prison regulations reasonably related to legitimate penological interests, such delays are not of constitutional significance, even where they result in actual injury").  Petitioner contends, though, at at least some of the state's actions were undertaken in order to retaliate against him for filing suits against prison officials and to prevent his successful litigation of his suits, so the Court will assume, without deciding, that they qualify as "unconstitutional" actions under § 2244(d)(1)(B).

[8]    In addition to the two suits initiated by Petitioner between his conviction and May 19, 2004 that are listed in the Background section of this Opinion, he filed *Ryburn, et al. v. Illinois Department of Corrections* (03-cv-6244) in September 2003 in the Northern District of Illinois, and *Ryburn v. Feinerman, et al.* (00-cv-00593) in July 2000 in the Southern District of Illinois.

[9]    Petitioner does not indicate what date he believes the limitations period should begin, *i.e.*, what date the "State action in violation of the Constitution or laws of the United States" causing his untimely filing was removed.  Instead, he appears to argue that so long as the state created some impediments to filing at some points in time, his start date should be indefinitely tolled.  "Although neither § 2244 nor this circuit has defined what constitutes an 'impediment' for purposes of § 2244(d)(1)(B), the plain language of the statute makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition." *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) (emphasis in original).  Therefore,

claiming inadequate law library must show actual injury to his ability to pursue claims arising from inadequacy); *Ramirez v. Yates*, 571 F.3d 993, 1001 (9th Cir. 2009) (*citing Lewis*, 518 U.S. at 350-51) (petitioner "entitled to the commencement

the fact that there were occasional state-created impediments during the time Petitioner has been in custody is not sufficient to render Petitioner § 2254 Petition timely - the impediments must have existed during the *relevant* time period.  In addition, it appears obvious that, even if impediments existed on some days during the first 365 countable days such that some tolling is warranted under § 2244(d)(1)(B), if more than 365 days have passed since the date of Petitioner's conviction that are not marred by state-created filing impediments, his Petition is still untimely.

Petitioner alleges several periods of alleged state-created impediments  to his filing (Doc. 30 at 7-8):

- February 11 to April 11, 2003, 60 days in segregation, without property
- April 15, 2003, transfer to Stateville, three days without property
- June 9, 2004, transfer to Menard, two days without property
- June 24 to July 24, 2004, 30 days in segregation, several of which were without property
- August 3 to 10, 2004, seven days on cell-lockdown.
- July 30, 2008 to January 30, 2009, 184 days in segregation, 32 without property

In his submissions addressing this issue, Petitioner recounts only 60 days during which he was in segregation or lockdown prior to May 18, 2004, the last date on which he could have timely filed his § 2254 Petition, counting from the date his conviction became final, and tolling the time during which properly filed applications for post-conviction relief were pending.  Even if the Court counts the days during this period that Petitioner alleges that he was without his "property," but not in segregation or on lockdown, which the Court takes to indicate that Petitioner was unable to do legal work, this total comes only to 63.  If the Court were to toll these 63 days, the period for filing would be extended to July 20, 2004. As Petitioner was in segregation June 24 to July 24, 2004 and August 3 to August 10, 2004, and was without his property for two days around June 9, 2004, the period would be extended to August 28, 2004.  Petitioner had a § 2244(d)-qualifying petition pending between July 28, 2004 and May 29, 2008, so 29 days from that August 26, 2004 date must be tolled, meaning that the § 2254 Petition had to be filed by June 29, 2008.  Fourteen days from this date must be tolled, though, during which Petitioner's June 15, 2008 filing was pending.  This last filing became final on March 17, 2009, which means that the § 2254 Petition was finally due fourteen days later, on March 31, 2009.  Petitioner did not file his instant § 2254 Petition until May 14, 2009, rendering it untimely even under the most generous reading of § 2244(d)(1)(B).  Therefore, even if the "impediments" that Petitioner alleges do qualify under § 2244(d)(1)(B), they do not render his § 2254 Petition timely.

of a new limitations period under § 2244(d)(1)(B) only if his placement in administrative segregation altogether prevented him from presenting his claims in *any* form, to *any* court") (emphasis in original).

## III.   Application of § 2244(d)(1)(C)

Petitioner further argues that § 2244(d)(1)(C) applies to his case, citing to *People v. Alberts*, 890 N.E.2d 1208 (Ill.App. 2008) and *People v. Hari*, 843 N.E.2d 349 (Ill. 2006).  (Doc. 25 at 3 (citing Doc. 13)).  In *Hari*, the Illinois Supreme Court announced a new rule of law relating to involuntary intoxication, which Petitioner asserts retroactively applies to him.  As noted above, § 2244(d)(1)(C) starts the one-year statute of limitations at "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  As § 2244(d)(1)(C) clearly states that the newly recognized right must have been recognized by the United States Supreme Court, not the states' supreme courts, it is not applicable where the new rule relied on is one announced by the Illinois Supreme Court.

## IV.   Equitable Tolling

The Supreme Court has recently held that equitable tolling is available to § 2254 petitioners in appropriate cases.  *Holland v. Florida*, 09-5327, --- S.Ct. ----, 2010 WL 2346549, *9 (June 14, 2010).  In *Holland*, the Supreme Court invalidated the Eleventh Circuit's *per se* rule that, because an attorney's actions are attributed to his client, an attorney's negligence or misconduct could never justify equitable

tolling in habeas cases. Instead, the courts must evaluate the specific circumstances of each case.

The Supreme Court held that equitable tolling applies only where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at *12 (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner in *Holland* was diligently pursuing his rights, as he had written to his attorney numerous times, had informed and corrected his attorney regarding the § 2244(d) statute of limitations, had attempted to have the attorney removed from his case, and had prepared his *pro se* § 2244 petition on the day he found out that the limitations period had expired. *Id.* at *14. His attorney's negligence was more than "garden variety" or "excusable neglect," and may have risen to the level of an extraordinary circumstance, as he

> failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. [The attorney] apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. [The attorney] failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And [the attorney] failed to communicate with his client over a period of years, despite various pleas from Holland that [the attorney] respond to his letters.

*Id.* These breaches by the attorney had the effect of actually preventing the petitioner's filing, as the petitioner did not know that the state courts had

completed their review because the attorney did not tell him until it was too late.[10]
*Id*. at *6.

Petitioner appears to allege that three circumstances should warrant equitable tolling in this case: his physical and mental health problems, misinformation from one of his attorneys, and lack of access to the law library. In addition, Petitioner claims to have attempted to initiate a federal habeas petition on June 7, 2003 in the Northern District of Illinois, which the court failed to docket; the Court considers this as an argument for equitable tolling. As noted by the Supreme Court in *Holland*, Petitioner must show that he has exercised reasonable diligence and that extraordinary circumstances prevented him from filing. Each of Petitioner's claimed reasons for equitable tolling is discussed in turn, but none of them justify equitable tolling in this case, as they are not extraordinary circumstances that prevented his filing a timely petition.

### A.    Physical and Mental Health Problems

Petitioner argues that his physical and mental condition require that equitable tolling be applied in his case to excuse the untimeliness of his § 2254 petition.[11]  (Doc. 25).  Though the Seventh Circuit has not addressed the issue of

---

[10]    The *Holland* petitioner apparently could not independently learn the status of his state court case in time to file his habeas petition, as the state court would not communicate with him except through his counsel.  *Id*. at *4.

[11]    Throughout his filings, Petitioner complains that he has been placed in a prison facility that does not have the capacity to accommodate his disability. Though this may be relevant to equitable tolling, as discussed in this Opinion, if Petitioner actually seeks a remedy for this problem, he should file suit under § 1983, as he was informed on October 2, 2009 by Judge Kendall of the Northern District of Illinois in *Ryburn v. Illinois Department of Corrections*, 09-c-5733.

whether a petitioner's health problems can trigger equitable tolling, the Court will assume that they can, given both the Supreme Court's *Holland* decision and the decisions of several other Circuits holding that such problems can justify equitable tolling. *See, e.g.*, *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010); *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009); *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003); *Rouse v. Lee*, 339 F.3d 238, 248-50 (4th Cir. 2003); *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Even in the decisions in the other Circuits holding or assuming that a health problem could trigger equitable tolling in certain cases the petitioners, however, had to show that their health conditions actually prevented their timely filing, not merely that they had health problems. *See, e.g.*, *Bolarinwa*, 593 F.3d at 232 ("mental illness does not toll a filing deadline *per se*"). Here, Petitioner was able to file at least four cases in state and federal court after his conviction and prior to May 18, 2004, the last date on which he could have timely filed a § 2254 petition. Whatever health problems Petitioner had did not prevent his filings in those cases, so there is no indication that they actually prevented his filing a timely § 2254 petition. *See, e.g.*, *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (no equitable tolling for physical and mental health problems where petitioner was able to prepare and file state habeas petition during relevant time).

15

### B.    Attorney Misinformation

Petitioner also argues that the attorney on the appeal of his § 2-1401 petition told him that his one year limitations period "started with the Illinois Supreme C[our]t made a decision in our appeal which was on/or about May 29, 2008."[12]  (Doc. 25 at 4).  Even assuming that Petitioner's attorney gave him incorrect information as to the applicability of the § 2244(d) limitations period, this is not a basis for equitable tolling where, as here, the allegedly incorrect advice came too late to have caused any harm to his ability to timely file.  As discussed above, Petitioner's § 2254 Petition was due on May 18, 2004 under § 2244(d)(1).  Petititioner initiated his § 2-1401 petition *pro se* on July 28, 2004, so the attorney's allegedly incorrect advice had to have been given after that date, more than two months after the § 2254 filing deadline.

### C.    Access to Law Library

As discussed above, Petitioner claims that inadequate access to the law library and his legal materials due to lockdowns, segregated confinement, and transfers between prisons was an unconstitutional state-created impediment to

---

[12]    Petitioner also claims that his attorney contradicted himself and lied to him about the merits of his § 2-1401 petition, which was filed on July 28, 2004, and for which Illinois Supreme Court denied Petitioner's PLA on May 29, 2008.  (Doc. 30 at 2 (*citing* Doc. 30 at 19, 29, & 25)).  First, the attorney's letters do not appear to be contradictory or incorrect.  In the February 26, 2008 letter, which appears to be at the root of Petitioner's concern, the attorney states that, on appeal, he could *argue* that the issues raised in the § 2-1401 petition have merit, but that none of the issues actually do have merit.  He goes on to clarify that he cannot raise any issues on appeal that were not in the § 2-1401 petition.  Neither of these statements appears legally problematic.  (Doc. 30 at 29).  Further, Petitioner does not claim that this alleged misinformation somehow impaired his ability to file a timely § 2244 petition, nor could he do so, as the attorney's letters came well after the time for filing a § 2244 had already expired.

filing that should trigger the application of § 2244(d)(1)(B).  In addition, he appears to argue that this lack of access justifies equitable tolling.  (Doc. 25 at 1).  A petitioner's lack of access to legal materials has been assumed to be a basis for equitable tolling in some cases, but, as with all claims to equitable tolling, that lack of access must actually prevent timely filing.  As discussed above, this lack of access, even if it did exist, did not prevent Petitioner's filing of four other suits in state and federal court during the relevant time, and therefore does not justify equitable tolling.

### D.    June 7, 2003 Submission to Northern District of Illinois

Petitioner claims that he attempted to file a federal habeas petition on June 7, 2003, citing to Doc. 30, Appx. J.  (Doc. 30 at 1).  In what appears to be a letter to the District Court for the Northern District of Illinois, Petitioner states that he is "requesting information and permission to file [his] intent to file [his] Habeas Corpus to preserve [his] right to do so."  (Doc. 30 at 13).  Petitioner now believes the Northern District of Illinois "erred in not filing the habeas corpus."[13]  Some Circuits have recognized that equitable tolling may be available where the petitioner "can establish that a court's conduct 'lulled the movant into inaction through reliance on that conduct.'"  *Riddle v. Kemna*, 523 F.3d 850, 858 (8th Cir. 2008) (collecting cases).  However, the court's action had to have "affirmatively misled" the petitioner.  *See*

---

[13]    The Court has found two cases under Petitioner's name in the Northern District of Illinois electronic filing system: *Ryburn, et al. v. Illinois Department of Corrections* (03-cv-6244), filed on September 5, 2003, which was a petition for writ of mandamus dismissed for failure to exhaust administrative remedies, and *Ryburn v. Illinois Department of Corrections* (09-c-5733), filed on September 15, 2009, which was filed as a habeas petition, but dismissed without prejudice, as it should have been filed as a § 1983 suit.

*Spottsville v. Terry*, 476 F.3d 1241, 1245-46 (11th Cir. 2007); *Brinson v. Vaughn*, 398 F.3d 225, 230-31 (3d Cir. 2005); *Alexander v. Cockrell*, 294 F.3d 626, 629-30 (5th Cir. 2002). Here, there is no allegation of any misleading conduct by the Northern District of Illinois. The Northern District appears not to have taken any action on the letter; Petitioner does not allege that it did so, so he cannot claim to have been misled by or lulled into reliance on the court's actions.

Further, though Petitioner claims the Northern District Court should have filed his letter as a habeas petition, the letter does not state that he wishes to file a habeas petition at that time (merely that he wishes to "preserve his right" to file one), or that, after the court failed to initiate a habeas case, he filed a second letter or petition making such a request. As is obvious from Petitioner's extensive litigation history, he is not shy about making requests and demands of courts when he feels they have not properly managed his cases; if the June 7, 2003 letter was intended to initiate a habeas case, Petitioner should have made a reasonable effort to ensure that the court understood that this was his desire.

In sum, Petitioner has not shown that any extraordinary circumstances "stood in his way" to prevent timely filing of a § 2254 Petition, and so equitable tolling is not warranted in this case.

## V.    Illinois Statutes

Petitioner cites to Federal Rule of Evidence 302 to argue that the Court must "recognize" various Illinois statutes that he claims require tolling or excusal of the statute of limitations in his case, as he is disabled or because the complained-of

conviction is a "void order or judgment." (Doc. 25 at 3-4).  Rule 302 provides that "[i]n civil actions and proceedings, the effect of a presumption respecting a fact which is an element of a claim or defense as to which State law supplies the rule of decision is determined in accordance with State law."  Here, state law does not "supply the rule of decision" - the law of federal habeas corpus is governed by the statutes at 28 U.S.C. §§ 2244 and 2254, among others.  This Court is obliged to follow federal law in habeas cases, not Illinois law.  Illinois statutes do not supersede the application of § 2244(d).

## VI.     Actual Innocence and Fundamental Miscarriage of Justice

Petitioner states that he is actually innocent of the crime of which he was convicted, and appears to argue that this claim should excuse him from the statutory one-year time limit on § 2254 petitions.  In *Escamilla v. Jungwirth*, the Seventh Circuit squarely rejected this contention, and so the Court need not consider it further.  426 F.3d 868, 871-72 (7th Cir. 2005) (*citing Dodd v. United States*, 545 U.S. 353 (2005); *Gildon v. Bowen*, 384 F.3d 883 (7th Cir. 2004)) ("'Actual innocence'...does not extend the time to seek collateral relief.").

## VII.    Constitutionality of § 2244(d)

Petitioner argues that § 2244(d)'s timing requirements are discriminatory and arbitrary, and therefore unconstitutional, as applied to disabled persons or *pro se* litigants for two reasons: (1) it does not provide protection for the disabled, and (2) "it does not clearly set forth which days we toll or not."  (Doc. 25 at 3).  Neither of these arguments has merit.

As for the first contention, the availability of equitable tolling negates the contention that extraordinary circumstances beyond a petitioner's control, such as a disability, will actually work in an unconstitutional manner to prevent timely filing. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (availability of equitable tolling renders § 2244(d) constitutional).   Though equitable tolling due to Petitioner's health issues does not apply in this case, it is available under *Holland* and would toll the statute of limitations if Petitioner's health were an extraordinary circumstance that actually worked to prevent his filing of a timely habeas petition.

As to the second claim of unconstitutionality, it is plainly without merit. Though the text of § 2244(d)(2) provides only that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted," the definitions of "properly filed application" and "pending" have been well-defined in numerous decisions of both the Supreme Court and the Seventh Circuit, and any remaining uncertainties have been construed in favor of Petitioner, as in the question of whether to toll the time for seeking a PLA, discussed above.  Moreover, Petitioner was not *prevented* from filing by any misunderstanding about the applicability of tolling, as he could have filed his petition before May 18, 2004.  *See also U.S. v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (fact that limitations period unclear not a basis for equitable tolling; lack of clarity should lead petitioners to file earlier, rather than later).

## CONCLUSION

Petitioner's § 2254 Petition is untimely under § 2244(d), statutory tolling provided in § 2244(d)(1)(B), (C), or (D) is not available to him, and equitable tolling is likewise inapplicable. Respondent's Motion to Dismiss Petitioner's § 2254 Petition (Doc. 24) as untimely is therefore GRANTED. IT IS SO ORDERED. CASE TERMINATED.

Entered this <u>23rd</u> day of June, 2010.

_____s/ Joe B. McDade_____
JOE BILLY McDADE
United States Senior District Judge
