# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

THOMAS VON RYBURN,      )
                                 )
     Petitioner,          )
                                 )
       v.                )     Case No.   09-cv-1176
                                 )
ANTHONY RAMOS, *Warden*   )
                                 )
     Respondent.        )

## O P I N I O N  &  O R D E R

This matter is before the Court pursuant to various motions for reconsideration and rehearing filed by Petitioner.  On June 23, 2010, a Judgment was entered against Petitioner, dismissing his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 because it was not timely filed.  (Doc. 39).  On June 16, 2010[1] Petitioner filed a "Rule 7.1 Motion" seeking relief from judgment under Federal Rule of Civil Procedure 60(b).[2] (Doc. 38).  On June 28, 2010, Petitioner filed a Motion for Rehearing en banc.  (Doc. 40).  On July 4, 2010, Petitioner filed a "Notice of Filing a Motion". (Doc 41).  On September 30, 2010, Petitioner filed a letter with the Court seeking protection from this Court in his state court post-conviction proceeding. (Doc. 45).  On October 18, Petitioner moved to supplement

---

[1] The Court assumes that Petitioner's court submissions were filed on the date his proofs of service state they were mailed.

[2] Petitioner alleges that his Motion is a "Rule 7.1(f) motion." (Doc. 38 at 4).  Such statement is contained in most of the documents filed by Petitioner. However, the Court cannot determine to which Rule 7.1 Petitioner is referring, as the Court's Local Rule 7.1 does not have a subsection (f), nor does Federal Rule of Civil Procedure 7.1.

evidence as part of his "Rule 7.1 Motion" (Doc. 46) and as part of his Motion for Rehearing (Doc. 47). Finally, on November 19, 2010, Petitioner filed a Supplemental Brief of Authority with regards to his Motion for Rehearing (Doc. 48). For the foregoing reasons, all of Petitioner's motions are DENIED or have been rendered MOOT.

## DISCUSSION

As previously mentioned, on June 23, 2010, this Court entered an Opinion and Order dismissing Petitioner's Petition for Writ of Habeas Corpus because it had not been timely filed. (Doc. 37). Petitioner has challenged this Court's decision regarding the timeliness of his Petition in addition to raising various new substantive issues which he would like the Court to consider. The Court will address each of Petitioner's motions in turn.

### I. "Rule 7.1 Motion"

Petitioner filed his "Rule 7.1 Motion" on June 16, 2010, which was one week before Judgment was entered against him. (Doc. 38).[3] Despite the fact that the Court had not yet ruled on Respondents' Motion to Dismiss, Petitioner begins his Motion by referring to Federal Rule of Civil Procedure 60(b), which provides a party relief from a final judgment or order entered against him. (Doc. 38 at 1). However, Petitioner then raises two new issues and asks that the Court hear and consider them.[4] (Doc. 38 at 1-2). Based upon these arguments, the fact that Petitioner

---

[3] The Court did not receive the Motion until June 24, 2010, the day after Judgment had been entered.

[4] Petitioner claims that 1) "Class X Sentencing" is unconstitutional, and 2) his mandatory supervisory release is unconstitutional.

mailed his "Rule 7.1 Motion" prior to the time judgment was entered against him, and the fact that Petitioner filed another motion for relief from judgment pursuant to Federal Rule 60(b) after judgment was entered, the Court construes this Motion as a motion to amend Petitioner's § 2254 Petition.  Because that Petition has since been dismissed as time-barred, such motion to amend, entitled "Rule 7.1 Motion" has been rendered MOOT.

## II.     Motion for Rehearing en banc

On June 28, 2010, Petitioner filed a Motion for Rehearing en banc under Federal Rule 60(b).  (Doc. 40).  "En banc review is not available to a party in a district court, but rather is limited to Courts of Appeals." *Cuesta v. Bertrand*, 2006 WL 1598509, at *1 (E.D. Wis. 2006) (*citing* 28 U.S.C. § 46).  Accordingly, the Court will treat this Motion as a motion for relief from judgment.

In this Motion, Petitioner argues that because his plea agreement was "violated long before any tolling of time issue," it is void and can be attacked at any time and in any court.  (Doc. 40 at 1).  Petitioner is mistaken.  Section 2244 of Chapter 28 of the United States Code controls when a person in state custody may challenge his conviction in federal court.  In its Opinion and Order of June 23, 2010, this Court determined that because Petitioner had not complied with the terms of that section, he was barred from challenging his state conviction in this Court. Further, because Petitioner has not shown any grounds as to why he failed to comply with § 2244 which were not already considered and rejected by the Court in

its previous Opinion and Order, Petitioner's motion for relief for judgment, entitled "Motion for Rehearing en banc" is DENIED.

## III.    Motion for Reconsideration

On July 4, 2010, Petitioner submitted another document to the Court, this one entitled "Notice of Filing a Motion," in which he again seeks to have this Court reconsider its Opinion and Order of June 23, 2010.  (Doc. 41).  Here, Petitioner raises three issues.  First, he informs the Court that he has filed a successive post-conviction challenge in state court, as well as his "Rule 7.1 Motion" in this Court. (Doc. 41 at 1-2).  Second, Petitioner reminds the Court of his Motion for Rehearing en banc.  (Doc. 41 at 2).  Finally, Petitioner argues that this Court erred in its previous Opinion and Order when it held that federal courts do not have to recognize state tolling statutes.  (Doc. 41 at 2).

The Court has already addressed Petitioner's first two issues above.  Further, the Court does not find Petitioner's argument that it erred in failing to recognize Illinois tolling statutes convincing.  In its Opinion and Order of June 23, 2010, this Court held that it was obliged to follow federal law in habeas cases, not Illinois law. (Doc. 37 at 19).  Petitioner cites to the Supreme Court case of *Hardin v. Straub*, 490 U.S. 536 (1989) for the proposition that "federal courts must recognize state tolling statutes" and their exceptions.  (Doc. 41 at 2).  In that case, however, the Supreme Court was discussing the application of state tolling statutes to a plaintiff's § 1983 action, for which there was not federal statute of limitations.  *See id.* at 538.  In contrast, § 2244(d) provides a federal statute of limitations in habeas cases.  As

such, the Court was correct that Illinois statutes do not supersede the application of §2244(d). Accordingly, Petitioner's motion for reconsideration is DENIED.

## IV. Motions to Supplement Evidence

On October 18, 2010, Petitioner filed two motions to supplement evidence, one with regards to his "Rule 7.1 Motion" (Doc. 46) and the other to his Motion for Rehearing en banc (Doc. 47). Because the Court has already found Petitioner's "Rule 7.1 Motion" to be moot, his motion to supplement (Doc. 46) is DENIED. Likewise, because the Court has denied Petitioner's Motion for Rehearing en banc and does not find his motion to supplement (Doc. 47) to be at all relevant or helpful to its determination, this motion is also DENIED.

## V. Miscellaneous Letters

Finally, Petitioner has submitted letters to the Court complaining of unfair treatment in his state post-conviction proceedings and seeking protection from this Court (Doc. 45). Petitioner is advised that this Court has no jurisdiction over these claims in the present case because it has already dismissed Petitioner's cause of action as he did not timely file his Petition for habeas relief under § 2244(d). If Petitioner would like to seek redress in the federal courts for any alleged violations of his constitutional rights, he may file a claim under 42 U.S.C. § 1983.

## CONCLUSION

For the foregoing reasons, Petitioner's motions are denied or considered moot, and this case is terminated. Specifically:

1) Petitioner's "Rule 7.1 Motion" construed as a motion to amend (Doc. 38) is considered MOOT;

2) Petitioner's "Motion for Rehearing en banc" construed as a motion for relief from judgment (Doc. 40) is DENIED;

3) Petitioner's "Notice of Filing a Motion" construed as a motion for reconsideration (Doc. 41) is DENIED;

4) Petitioner's Motion to Supplement Evidence to Rule 7.1 Motion (Doc. 46) is DENIED; and

5) Petitioner's Motion to Supplement regarding Motion for rehearing (Doc. 47) is DENIED.

IT IS SO ORDERED.

CASE TERMINATED.

Entered this 15th day of December, 2010.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge