# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| THOMAS VON RYBURN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.  09-cv-1176 |
| | ) | |
| ANTHONY RAMOS, *Warden* | ) | |
| | ) | |
| Respondent. | ) | |

## O P I N I O N  &  O R D E R

Before the Court are Petitioner's Request for Certificate of Appealability ("COA") (Doc. 55), Application for Writ of Error Coram Nobis (Doc. 54), Motion for Leave to Appeal in forma pauperis (Doc. 53), and Motion to Appoint Counsel (Doc. 52). Petitioner has also filed a Notice of Appeal (Doc. 50), and supporting Affidavit (Doc. 51). For the following reasons, Petitioner's Request for a Certificate of Appealability (Doc. 55) is DENIED, Application for Writ of Error Coram Nobis (Doc. 54) is DENIED, Motion for Leave to Appeal in forma pauperis (Doc. 53) is GRANTED, and Motion to Appoint Counsel (Doc. 52) is DENIED.

### DISCUSSION

On June 23, 2010, this Court found that Petitioner's § 2254 Petition was untimely filed pursuant to 28 U.S.C. § 2244(d), and that he was not entitled to either statutory or equitable tolling ("Order and Opinion of June 23, 2010"). (Doc. 37). Accordingly, the Court entered Judgment against Petitioner, dismissing his Petition with prejudice. (Doc. 39). Shortly after Judgment was entered, Petitioner

began a string of filings with the Court, seeking, *inter alia*, to amend his Petition and the reconsideration of the Court's decision to dismiss his Petition as untimely. (See Docs. 38, 40, 41, 46, & 47). The Court carefully considered, and denied, all of these motions in an Order and Opinion entered on December 15, 2010 ("Order and Opinion of December 15, 2010). (Doc. 49). Petitioner now seeks to appeal. (Doc. 50).

I. **Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(1), a petitioner may only appeal from the court's judgment in his habeas case if he obtains a certificate of appealability. A certificate of appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner need not show that the appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Further, where the district court denies a habeas petition on procedural grounds, such as untimeliness, Petitioner must make a showing that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. If the district court

denies the request, a petitioner may request that a circuit judge issue the Certificate. FED. R. APP. PROC. 22(b)(1)(3).

Here, Petitioner seeks to appeal from the Court's finding that his Petition was untimely pursuant to 28 U.S.C. § 2244(d), and its subsequent denials of his motions for reconsideration. To support his request, Petitioner refers the Court to the arguments laid out in his Application for Writ of Coram Nobis. (Doc. 55). In that application, Petitioner first argues that the Court should have applied either statutory or equitable tolling to his Petition because he was unable to properly file earlier due to his physical and mental health problems and his confinement at "non A.D.A. facilities." (Doc. 54 at 1-2). The Court carefully considered these alleged impediments to Petitioner's filing in the Order and Opinion of June 23, 2010, and does not believe that reasonable jurists would find it debatable that these are not grounds for either statutory or equitable tolling under the law.

Petitioner also argues that the Court misinterpreted his June 7, 2003 submission to the Northern District of Illinois. (Doc. 54 at 2). Petitioner states that he requested that the Court treat his filing as a motion to file his petition for habeas corpus and then stay the motion. (Doc. 54 at 2). However, even if Petitioner's motion was to that effect, the law only provides for equitable tolling if the Northern District's handling of it affirmatively misled Petitioner into inaction. *See Spottsville v. Terry*, 476 F.3d 1241, 1245-45 (11th Cir. 2007); *Brinson v. Vaughn*, 398 F.3d 225, 230-31 (3d Cir. 2005); *Alexander v. Cockrell*, 294 F.3d 626, 629-30 (5th Cir. 2002). As the Court found in its Order and Opinion of June 23, 2010, Petitioner did not

3

then, nor does he now, claim that the Northern District engaged in any conduct which would have led Petitioner to believe that such motion was in fact filed. (Doc. 37 at 17-18). Accordingly, the Court does not find it debatable that Petitioner was not entitled to rely on any action from the Northern District to justify his untimely filing in this Court.

Finally, with regards to the Court's Order and Opinion of June 23, 2010, Petitioner argues that the Court erred in finding that actual innocence is not a cause for equitable tolling, and in upholding the constitutionality of 28 U.S.C. § 2244(d) as to pro se litigants who cannot understand its provisions. As there is clear authority from the Seventh Circuit that neither of these contentions has any merit, the Court also fails to find that these holdings were debatable or wrong. *See Escamilla v. Jungwirth*, 426 F.3d 868, 871-72 (holding that actual innocence does not extend the time to seek collateral relief); *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2002) (holding that the fact that the limitations period is unclear is not a basis for equitable tolling).

With regards to the Court's Order and Opinion of December 15, 2010, Petitioner argues that the Court erred by failing to apply habeas corpus precedent concerning a "breach of promise" to his Petition. (Doc. 54 at 4). However, as the Court found in the Order and Opinion of December 15, 2010, Petitioner may only attack his conviction in accordance with the timing provisions of 28 U.S.C. § 2244(d), which he failed to do. (Doc. 49 at 3). Petitioner puts forth no argument as to why this holding was debatable or wrong, and the Court does not believe that

reasonable jurists would find it so. Accordingly, the Petitioner's Request for a COA is DENIED.

## II. Application for Writ of Error Coram Nobis

Petitioner also seeks to apply for a Writ of Error Coram Nobis. (Doc. 54). While the Court has considered Petitioner's arguments in that application as part of his Request for a Certificate of Appealability, such application is no longer recognized by the federal courts, and is therefore DENIED. *See* Fed R. Civ. Pro. 60(e) (abolishing writs of coram nobis).

## III. Motion for Leave to Appeal in forma pauperis

Petitioner has also filed a Motion to Appeal in forma pauperis (Doc. 53), which includes an affidavit regarding his financial condition stating that he is not employed, has no source of income other than $40.00 a month from his mother, and owns no cash, real estate, or other property. (Doc. 29). Pursuant to Federal Rule of Appellate Procedure 24(a)(3) and 28 U.S.C. § 1915(a)(3), to grant Petitioner leave to appeal in forma pauperis, the Court must find that Petitioner is unable to pay his filing fees and costs, and that his appeal is taken in good faith. Although the Court has denied Petitioner's COA, the standard for determining whether an appeal is in good faith is not as high as the standard governing the issuance of a COA. *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). As such, the Court finds that Petitioner's request for appellate review is taken in good faith and that he is unable to pay the filing fees on appeal. Accordingly, Petitioner's Motion for Leave to Appeal in forma pauperis is GRANTED.

## IV. Motion to Appoint Counsel

Finally, Petitioner has filed a Motion for Appointment of Counsel. (Doc. 52). Civil litigants are not entitled to a court appointed attorney. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). However, the Court may request an attorney to represent an indigent litigant. 28 U.S.C. §1915(e)(1). Prior to such a request, the litigant must show that he made a reasonable attempt to acquire counsel without Court intervention. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). After a litigant has made such an attempt, the Court considers whether, "given the difficulty of the case," he appears able to litigate it himself, and, if not, whether appointed counsel would be "reasonably likely to alter the outcome." *Id*. at 655-56, 660.

Petitioner alleges that he has sought to obtain counsel via writing to various attorneys and law professors. (Doc. 52). While this may or may not satisfy the first prong of the *Pruitt* analysis, the Court need not make such determination because Petitioner has demonstrated in this action that he is capable of litigating himself. Moreover, the Court does not find that the appointment of counsel would be "reasonably likely to alter the outcome" in this case. Accordingly, Petitioner's Motion for Appointment of Counsel is DENIED.

## CONCLUSION

For the foregoing reasons, Petitioner's Request for a Certificate of Appealability (Doc. 55) is DENIED, Application for Writ of Error Coram Nobis (Doc. 54) is DENIED, Motion for Leave to Appeal in forma pauperis (Doc. 53) is

GRANTED, and Motion to Appoint Counsel (Doc. 52) is DENIED. IT IS SO ORDERED.

CASE TERMINATED.

Entered this <u>19th</u> day of January, 2011.

                                                              s/ Joe B. McDade
                                                              JOE BILLY McDADE
                                            United States Senior District Judge