## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| THOMAS VON RYBURN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ANTHONY RAMOS, *Warden*, )<br>)<br>Respondent. ) | Case No.   09-cv-1176 |

## <u>ORDER & OPINION</u>

This matter is before the Court on Thomas Von Ryburn's ("Petitioner") Motion for Relief of Judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure (Doc. 63). Respondent has declined to file a response to the Motion. For the reasons stated below, the Motion is denied.

### BACKGROUND

In an Order and Opinion (Doc. 37) dated June 23, 2010, this Court granted Respondent's Motion to Dismiss Petitioner's § 2254 Petition (Doc. 24) on the basis that it was untimely pursuant to § 2244(d). The Court also found that neither statutory tolling provided in § 2244(d)(1)(B), (C), or (D), nor equitable tolling of the statute of limitations was applicable. (Doc. 37 at 21). One of the four grounds asserted in the habeas petition was a bare-bones claim of actual innocence. (Doc. 1 at 11). Petitioner also perfunctorily raised the issue of actual innocence in response to the motion to dismiss his petition in other written submissions to the Court.

(*See, e.g.*, Doc. 28 and 29).¹ The Court declined to consider the actual innocence defense to the motion to dismiss the habeas petition because of *Escamilla v. Jungwirth*, 426 F.3d 868, 871-72 (7th Cir. 2005), in which the Seventh Circuit held that claims of actual innocence alone did not allow petitioners to circumvent the statute of limitations found at 28 U.S.C. § 2244(d)(1).  On May 28, 2013, the United States Supreme Court decided *McQuiggin v. Perkins*, ---U.S.---, 133 S. Ct. 1924 (2013), in which the court held that in extremely rare circumstances, an actual innocence claim can overcome 28 U.S.C. § 2244(d)(1)'s one year statute of limitations.

Petitioner now moves the Court to vacate its June 23, 2010 Opinion and Order in light of *McQuiggin* and reconsider evidence presented in the habeas petition concerning legal malpractice, ineffective assistance of counsel and Petitioner's state of mind.  (Doc. 63 at 2).

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 60(b)(6), a court may relieve a party from a final judgment, order, or proceeding for "any other reason that justifies relief." Whether to grant a motion for relief pursuant to Rule 60(b)(6) "lies within

---

¹ This Court also considered several other reasons offered by Petitioner to excuse his untimely filing of his habeas petition including: his contemporaneous attempts at exhausting state remedies; his disabilities; that the judgment setting forth his sentencing was void; that his access to the prison law library had been curtailed; that his case qualified under § 2244(d)(1)(C) because of a then recent retroactive case; that § 2244(d) is unconstitutional; that the attorney on his Illinois petition for relief from judgment told him that the limitations period began on May 29, 2008 ; that certain Illinois statutes limit the application of § 2244(d) in this case; and that he attempted to file a federal habeas corpus petition in 2003, but the court erred and did not file it properly. (Doc. 37 at 7-20).

the sound discretion of the district court." *Neuberg v. Michael Reese Hosp. Found.*, 123 F.3d 951, 955 (7th Cir. 1997), citing *Helm v. Resolution Trust Corp.*, 84 F.3d 874, 877 (7th Cir. 1996).

In order to secure relief from a final judgment under Federal Rule of Civil Procedure 60(b)(6), a petitioner must demonstrate extraordinary circumstances. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). *Gonzalez* forewarns petitioners that "[s]uch circumstances will rarely occur in the habeas context." *Id.* Moreover, "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 239 (1997).

Before a district court even analyzes a petitioner's claim that his case should be reopened under Rule 60(b)(6), the court must first determine whether it is allowed to reach the petitioner's claim under 28 U.S.C. § 2244. *Dunlap v. Litscher*, 301 F.3d 873, 875-76 (7th Cir. 2002) (relief under Rule 60(b) is unavailable to petitioners when such relief conflicts with the Antiterrorism and Effective Death Penalty Act's ("AEDPA") amendments to the federal habeas corpus statute, 28 U.S.C. §§ 2241 *et seq.*). *Gonzalez* holds that a Rule 60(b) motion based on a purported change in the substantive law governing the claim is to be treated as a successive habeas petition under 28 U.S.C. § 2244(b). 545 U.S. at 531-32. However, *Gonzalez* also holds that a Rule 60(b) motion will not be treated as a successive habeas petition when it does no more than challenge a purported defect in the

adjudication of the petition and does not challenge the "substance of the federal court's resolution of a claim on the merits." *Id.* at 533-35.

## DISCUSSION

I. **Petitioner's Motion Is Not The Equivalent Of A Successive Habeas Petition.**

As an initial matter, the Court declines to treat this motion as a successive habeas petition. The change in the law at issue here does not relate to the substantive law governing Petitioner's actual underlying habeas claims. *See Gonzalez*, 545 U.S. at 531-32. Instead, the change in the law at issue here is merely procedural because it relates to the application of the AEDPA's statute of limitations. Similarly, the motion *sub judice* does not challenge the substance of the Court's resolution of Petitioner's underlying habeas claims on their merits either, rather it "challenges only the District Court's previous ruling on the AEDPA statute of limitations." *Gonzalez*, 545 U.S. at 535. Therefore, the Court concludes the instant motion is not equivalent to a successive habeas petition for which this Court would lack jurisdiction to adjudicate. The Court will proceed with the analysis of whether the Petitioner should be afforded relief under Federal Rule of Civil Procedure 60(b)(6).

II. **No Extraordinary Circumstances Are Present That Would Justify Relief Under Rule 60(b)(6).**

Before the Supreme Court decided *McQuiggin v. Perkins*, ---U.S.---, 133 S. Ct. 1924 (U.S. May 28, 2013), the law in the Seventh Circuit was that a claim of actual innocence alone could not allow a petitioner to circumvent the statute of limitations found at 28 U.S.C. § 2244(d)(1). *Escamilla v. Jungwirth*, 426 F.3d 868, 871-72 (7th

Cir. 2005). *McQuiggin* abrogated *Escamilla* by holding a state prisoner filing a first federal habeas petition may use a claim of actual innocence as the basis for invoking the equitably-based miscarriage of justice exception to overcome the one-year statute of limitations in the AEDPA for filing a federal habeas petition. 133 S. Ct. at 1934. *McQuiggin*, 133 S. Ct. 1924, was decided almost three years after this Court entered its Order and Opinion (Doc. 37) dismissing Petitioner's habeas petition on several grounds, including the holding of *Escamilla*, 426 F.3d 868. *McQuiggin* is a classic example of a legal development occurring after a valid final judgment.

Legal developments occurring after a judgment becomes final are not considered "extraordinary circumstances" that justify relief under Rule 60(b)(6). *Gonzalez*, 545 U.S. at 537 (concluding that a change in the interpretation to the AEDPA's statute of limitations was not an extraordinary circumstance that necessitated vacating a final order dismissing a federal habeas case); *see also*, *Hill v. Rios*, 722 F.3d 937, 938 (7th Cir. 2013) (explaining that "legal developments after a judgment becomes final do not qualify as extraordinary").

The issue in this case is very similar to the issue presented in *Gonzalez*, 545 U.S. 524. In *Gonzalez*, the petitioner argued that the Supreme Court's change in the interpretation of the AEDPA's statute of limitations relative to Eleventh Circuit precedent justified granting his Rule 60(b) motion. 545 U.S. at 536. Here, Petitioner argues that the change in the application of the equitably-based miscarriage of justice exception relative to Seventh Circuit precedent justifies relief under Rule

5

60(b)(6). There, the Supreme Court explained that the district court's "interpretation was by all appearances correct under the Eleventh Circuit's then-prevailing interpretation" of the law. *Gonzalez*, 545 U.S. at 536. Here, there is no dispute, and Petitioner certainly does not contend otherwise, that this Court was faithfully adhering to the Seventh Circuit's then-prevailing interpretation of the law as announced in *Escamilla v. Jungwirth*, 426 F.3d 868. The Supreme Court's holding in *Gonzalez*, 545 U.S. at 536—that its arrival at a different interpretation of the AEDPA after the petitioner's case was no longer pending was not extraordinary—is just as applicable here. Therefore, the fact that *McQuiggin* has abrogated *Escamilla* is not extraordinary and cannot justify vacating this Court's June 2, 2010 Order and Opinion (Doc. 37).

### III. Petitioner Has Not Presented Sufficient Evidence To Support An Actual Innocence Claim That Would Excuse His Untimely Habeas Petition.

The Court's finding that the *McQuiggin* decision does not constitute an extraordinary circumstance that would justify relief under Rule 60(b)(6) is sufficient in and of itself to deny the instant motion. Moreover, the change in the law worked by *McQuiggin* is all the less extraordinary in Petitioner's case given that he has failed to demonstrate actual innocence in any event.

In *McQuiggin*, the Supreme Court explained that the actual innocence standard as applied in *Schlup v. Delo*, 513 U.S. 298 (1995), and *House v. Bell*, 547 U.S. 518 (2006), also applies to the AEDPA's one year statute of limitations found at 28 U.S.C. § 2244(d)(1). 133 S. Ct. at 1928. It has been explained that actual innocence refers to factual innocence, not merely legal insufficiency of evidence.

*Bousley v. United States*, 523 U.S. 614, 624 (1998). In order to show actual innocence, a petitioner must point to new, reliable evidence that makes it "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *House*, 547 U.S. at 536 quoting *Schlup*, 513 U.S. at 327. Such evidence includes "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," *Schlup*, 513 U.S. at 324, and also "documentary, biological (DNA), or other powerful evidence," *Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005). A self-serving statement of the petitioner alleging actual innocence is not enough. *Hubbard v. Pinchak*, 378 F.3d 333, 340-41 (3d Cir. 2004).

Given the above, the first glaring impediment to Petitioner's actual innocence claim is the fact that he pleaded guilty to the crime for which he is incarcerated. (Doc. 1 at 1). Indeed, Petitioner provided the Court with a signed plea agreement. (Doc. 31 at 2). Although not an absolute bar to an actual innocence claim, *Bousley*, 523 U.S. at 623-24, pleading guilty to a crime certainly makes it difficult for a court to conclude it is likely no reasonable juror would find the petitioner guilty beyond a reasonable doubt of the very crime to which he plead. Moreover, Petitioner has also failed to provide the Court with a transcript of his plea hearing. A transcript of the plea hearing would be helpful for the Court to assess what was discussed at the plea hearing, typically a recitation of the factual elements of the crime, and what Petitioner was apprised of in open court.

The next impediment to Petitioner's claim is that he has failed to explain in his habeas petition (Doc. 1), his other submissions to the Court (Docs. 28, 29) or

7

even the instant motion (Doc. 63) how *new* and *reliable* evidence establishes his factual innocence.

Petitioner's evidence does not establish innocence. For instance, Petitioner has submitted a garage receipt that indicates work was done on a vehicle for him between 8:00 am and 9:00 am on September 8, 1998. (Doc. 29 at 3). Petitioner does not explain how this receipt is either new, meaning that the receipt was not previously available to him, or how it establishes he did not sexually assault his victim on the morning of September 8, 1998. The receipt does not, for instance, prove that Petitioner was at the garage during the entire hour, it merely proves at some point his name appeared on the receipt.

Petitioner also submits a Bloomington Police Department interview transcript in which a witness, Mike Matejka, answers questions posed by a Detective Randall Wikoff. (Doc. 63-1 at 23). In one exchange, the detective asks: "So with respect to being able to specifically say that he [Petitioner] could not have committed a crime sometime after 9:00AM, can you say that you were with him or knew his exact location and activity?" Matejka responds: "**No**, after I sent him out I knew he went to Bill's service because they called me later with the bill, between 9:00 and 10:00AM." (emphasis added). Again, Petitioner fails to explain how this interview exchange has not been previously available to him or how it conclusively establishes his innocence.

In sum, Petitioner merely asserts he is actually innocent without sufficient proof or explanation. The evidence he has produced is not compelling or apparent

and Petitioner has not explained how such evidence is new, reliable, or even exculpatory.

## CONCLUSION

For the reasons stated above, Petitioner has failed to demonstrate any extraordinary circumstances that justify granting his motion made pursuant to Federal Rule of Civil Procedure 60(b)(6).  Moreover, he has failed to demonstrate evidence that supports a claim of actual innocence. Therefore, Petitioner's Motion For Relief Of Judgment Rule 60(b)(6) Change of Law (Doc. 63) is DENIED.  IT IS SO ORDERED.

CASE TERMINATED.

Entered this 3rd day of January, 2014.

s/ Joe B. McDade  
JOE BILLY  McDADE  
United States Senior District Judge